UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DESTINY JOY GUOBADIA

                Plaintiff,

    -against-                         **ORDER**
                                            CV 12-4042 (ADS)(ARL)

ISOKEN IROWA, et al.,

                Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the motion of the defendants, Isoken Irowa and Uhumwnamure Lucky Irowa, to quash the subpoena that the plaintiff served on non-party Sinco Data Processing Systems and Walter Sinclair. The subpoena seeks the production of their Federal and State income tax returns, W2s, 1099s, tax schedules and other supporting tax information.[1] The defendants contend that the subpoenas should be quashed because there is no compelling need for the tax returns and the other financial information being sought. Specifically, they argue that they have already produced bank records which may be relevant to the plaintiff's allegation that the defendants co-mingled her wages with their own funds. The plaintiff opposes the application arguing that the information sought is directly relevant to that claim for conversion.

      "While tax returns are not formally privileged, courts exercise discretion in ordering their disclosure." *SEC v. Garber,* 2014 U.S. Dist LEXIS 1622 *6 (S.D.N.Y. Jan. 7, 2014)(citing *Michelman v. Ricoh Americas Corp.,* 2013 U.S. Dist. LEXIS 25143 (E.D.N.Y. Feb. 22, 2013) (finding courts 'reluctant' to order discovery of tax returns)).[2] "This caution is based on both 'the private nature of the sensitive information' and 'the public interest in encouraging filing by taxpayers of complete and accurate returns.'" *Id.* (citing *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y. 1979). Accordingly, a two-prong test must be satisfied for the Court to order disclosure of the tax returns. *See S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985). First, the court must find that the returns are relevant to the subject matter. Then, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise available. *Id.* Although the material being sought may be relevant to the plaintiff's conversion

---

[1] The defendants filed the instant motion on notice along with a supporting affidavit. In the future, the court would prefer if the defendants utilized the mechanism for resolving discovery disputes set forth at Local Rule 37.3.

[2] As a threshold matter, the court notes that while a party generally has no standing to quash a subpoena directed at a non-party witness, here, the defendants can demonstrate a personal right or privilege with respect to the information being sought. *See Ireh v. Nassau University Medical Center,* 2008 U.S. Dist LEXIS 76583 * 7 (E.D.N.Y. Sept. 17, 2008).

claim, the court agrees that the bank records may satisfy that need, and their may be other less intrusive ways to obtain this discovery. Accordingly, the motion is granted.

To the extent the plaintiff seeks to compel additional discovery, the plaintiff may do so in a letter motion pursuant to Local Rule 37.3.


Dated: Central Islip, New York
      January 14, 2014.

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge