FILED
CLERK
11/3/2015 9:02 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DESTINY JOY GUOBADIA,

                     Plaintiff,

-against-

ISOKEN IROWA and UHUMWNAMURE LUCKY IROWA,

                     Defendants.
----------------------------------------------------------------x

**SHORT FORM ORDER**
12-cv-4042 (ADS)(ARL)

**APPEARANCES:**

**GREENBERG TRAURIG LLP**
*Attorneys for the Plaintiff*
200 Park Avenue
New York, NY 10166
      By: Daniel E. Clarkson, Esq., Of Counsel

**ISOKEN IROWA and UHUMWNAMURE LUCKY IROWA**
*The Defendants, Pro Se*

**SPATT, District Judge**:

On August 14, 2012, the Plaintiff Destiny Joy Guobadia (the "Plaintiff") commenced this action against the Defendants Isoken Irowa and Uhumwnamure Lucky Irowa (the "Defendants" or the "Irowas").

On or about September 22, 2014, United States Magistrate Judge Arlene R. Lindsay determined that this case was trial-ready.

On October 8, 2014, this Court scheduled jury selection to begin on April 13, 2015.

The jury selection did not proceed as scheduled because, for the next approximately ten months, the parties engaged in motion practice, some of which

resulted in counsel for the Defendants successfully withdrawing and the Defendants registering appearances *pro se*. The Court notes that, at an August 3, 2015 court appearance, the Defendants were strongly encouraged, on the record, to retain new counsel in this matter. However, by letter dated October 1, 2015, the Defendants advised the Court that they were unable to do so.

On October 5, 2015, the parties again appeared before this Court and represented that the matter had been settled to their mutual satisfaction. At that time, the Court placed the substantive terms of the agreement on the record; administratively closed the case, subject to the terms of an eventual written settlement agreement; and granted an application by the Defendants that the transcript be sealed.

On October 19, 2015, the Defendants wrote a letter to the Court stating, in relevant part, that counsel for the Plaintiff had, in fact, circulated a proposed settlement agreement in accordance with the Court's directions. However, while reflecting the substantive terms previously placed on the record, the proposed agreement did not provide for the entire case to be sealed. Apparently, the Defendants believed that any eventual written agreement settling this case would provide for the whole case record to be sealed, "as neither party is admitting or acknowledging the validity or merit of any other party's claims or defenses." Accordingly, the Defendants requested that this Court now issue an order sealing the case.

On October 27, 2015, the Court directed the parties to confer in good faith to resolve the issues raised in the Defendants' letter, and to advise the Court if its further intervention was required.

On October 30, 2015, the Plaintiff wrote a responsive letter to the Court, indicating that counsel had, in fact, conferred with the Defendants; that an amicable resolution of the Defendants' issues could not be reached; and that further Court intervention was necessary to resolve the Defendants' outstanding application to seal the case record, and if necessary, to enforce the terms of the settlement agreement.

## I.    Discussion

### A.    As to Whether the Case Record Should Be Sealed

Initially, the Court notes that the Defendants advance no argument in support of their request to seal this case, nor do they point to any relevant legal authority.  However, in light of their *pro se* status, the Court takes a liberal view of the sufficiency of their submission, and construes it to make the strongest possible legal argument.

In opposition, the Plaintiff contends that there is a strong presumption of public access to court records and that none of the factors usually weighing in favor of sealing an otherwise public court case is present here.  The Court agrees.

"Courts have long recognized a strong presumption of public access to court records." Joji v. Kuwait Airways Corp., 08-cv-4339, 2010 U.S. Dist. LEXIS 33982, at *3 (E.D.N.Y. Apr. 2, 2010) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589,

3

597-98, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). It is well-settled that, among other things, public access to court records "promotes public confidence in the judicial system . . . the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

As the Plaintiff accurately notes, courts in this Circuit have identified the following relevant factors, in determining whether presumptively public documents should be sealed: (1) the danger of impairing law enforcement or judicial efficiency; and (2) the privacy interests of those who resist disclosure." Weinstein, Kaplan & Cohen, P.C. v. Positano, 11-cv-6332, 2012 U.S. Dist. LEXIS 85632, at *5 (E.D.N.Y. June 14, 2012) (quoting Standard Chartered Bank Int'l (Ams.) Ltd. v. Calvo, 757 F. Supp. 2d 258, 260 (S.D.N.Y. 2010)). Neither of these factors warrants sealing the record in this case.

The Defendants have identified no basis for sealing the record in this action beyond continuing to dispute any wrongdoing and the merit of the Plaintiff's claims. However, this circumstance alone is plainly insufficient to justify the relief sought. In fact, if the Court were required to seal the records pertaining to every publicly-filed case that ultimately settled, the vast majority of lawsuits would disappear from public view, thereby frustrating the long-standing common law right to access to such records.

In any event, in the Court's view, any legitimate privacy concern held by the Defendants is reasonably mitigated by: (i) the sealing of the transcript which

contains the substantive terms of the parties' settlement agreement; and (ii) paragraph 11 of the proposed settlement agreement, which expressly provides that the terms of the agreement are deemed confidential and are not to be disclosed.

Accordingly, the Court finds no basis for sealing the entire case record in this matter, and denies the Defendants' application.

To the extent the Plaintiff's letter to the Court expressly requests that the Court enforce the terms of the settlement agreement, its application is denied without prejudice and with leave to file a formal motion for relief arising from the alleged contract dispute.

However, the Court notes that, in open court on October 5, 2015, the Defendants were sworn and consented to the material terms of the settlement under oath. They specifically represented to this Court that they understood the import of the eventual confidentiality provision, and, as noted above, successfully requested that the transcribed record of those proceedings – the only public document evidencing the terms of the agreement – be sealed. In light of these facts, the Court administratively closed the case. At that time, the Court did not grant an application to seal the entire record. Rather, the following exchange took place:

> MS. IROWA: Can the case sealed.
> THE COURT: Pardon?
> MS. IROWA: Sealed.
> THE COURT: It's going to be sealed.
> MS. IROWA: Okay.
> THE CLERK: Not the case, just the transcript.
> THE COURT: The transcript's going to be sealed, what we are doing now is sealed.
> MR. SILVERMAN: What's already in the public record in terms of filings would not be sealed.

5

| | |
|---|---|
| MS. IROWA: | Because there is nothing in there anyway. |

*   *   *

| | |
|---|---|
| MR. SILVERMAN: | If there is a default under the agreement, we will be back in court before this judge asking for the appropriate relief. |
| MS. IROWA: | Yes. |
| MR. IROWA: | Yes. |
| THE COURT: | The case is going to be marked settled subject to the settlement agreement |

Tr. 5-7.

Nevertheless, to the extent the scope of the Court's ruling was unclear to the Defendants, any remaining confusion should now be alleviated for the reasons stated in this opinion.

**SO ORDERED**

Dated: Central Islip, New York  
November 3, 2015

*/s/ Arthur D. Spatt*  
ARTHUR D. SPATT  
United States District Judge